# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RODNEY LYNN BUTCHEE,

    Petitioner,

vs.

WARDEN SCILIA, et al.,

    Respondents.

Case No. 2:10-CV-01695-GMN-(LRL)

**ORDER**

    Petitioner has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#1). The court has reviewed it pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to submit an amended petition.

    Two general problems appear throughout the petition (#1). First, many of petitioner's allegations are too vague.

> In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground."

Mayle v. Felix, 545 U.S. 644, 649 (2005).

> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," the court must summarily dismiss the petition without ordering a responsive pleading. If the court orders the State to file an answer, that pleading must "address the allegations in the petition." Rule 5(b).

Id. at 656. Second, in all of the grounds petitioner alleges both violations of his constitutional rights and ineffective assistance of counsel for failing to protect petitioner from those violations. Even though the claims share similar facts, the claims are distinct, with different governing law, and petitioner should plead them in separate grounds. See Kimmelmann v. Morrison, 477 U.S. 365, 373-74 & n.1 (1986).

Ground 1 contains four numbered paragraphs. Petitioner claims that he did not receive due process of law, guaranteed by the Fifth Amendment. That provision applies to prosecutions by the federal government. The correct provision for prosecutions by the State of Nevada is the Fourteenth Amendment. Furthermore, petitioner alleges in some of the paragraphs that he received ineffective assistance of counsel. The correct provision for that claim is the Sixth Amendment.

In paragraph 1, petitioner claims that counsel provided ineffective assistance because counsel did not pursue his claim of police conspiracy. Petitioner alleges that the police did not preserve videotape evidence. However, petitioner does not allege what was on the videotape or how it would have helped his case. Without those supporting facts, the court cannot determine whether counsel performed deficiently or petitioner suffered prejudice without being informed of those facts. See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).

In paragraph 2, petitioner claims that the police engaged in a conspiracy in violation of Nev. Rev. Stat. § 199.480. That is a provision of criminal law, and it does not create a private right of action. The court will assume that petitioner is referring to the failure to preserve videotape evidence. However, petitioner does not allege any facts, such as acts or statements by officers or other conspirators, showing how the police conspired against him. A mere legal conclusion that a conspiracy existed, without supporting facts, is not sufficient for the court to order a response. Finally, petitioner will need to plead this claim in a ground separate from the related but distinct claim of ineffective assistance in paragraph 1.

In paragraph 3, petitioner claims that counsel was ineffective because counsel did not investigate a police officer's misconduct and perjury. Petitioner alleges that the arresting officer's report and declaration of arrest are inconsistent with the statements and testimonies of other witnesses. Inconsistent statements occur frequently in trials; each witness' recollection will differ in some respect from other witnesses' recollections, and sometimes memory is faulty. An inconsistency is not necessarily perjury, which is lying under oath. Petitioner does not allege what the officer's statements were, he does not allege what the other witnesses' testimonies were, and he does not allege facts that even if proven to be true would show that the officer was committing

perjury. Consequently, the court cannot determine whether counsel performed deficiently or petitioner suffered prejudice without being informed of those facts. See Strickland, 466 U.S. at 688, 694.

In paragraph 4, petitioner claims that he is imprisoned because of suppression of favorable evidence and perjured testimony. Just as the allegations in paragraphs 1 and 3 are too vague for the court to order a response, the allegation here is too vague. Furthermore, petitioner will need to allege this claim in a ground separate from the ineffective-assistance claims in paragraphs 1 and 3.

Ground 2 is a claim that petitioner's conviction and sentence violates the Sixth Amendment. In paragraph 1, petitioner claims that counsel provided ineffective assistance because counsel failed to object to the credibility of witnesses. Petitioner needs to allege who those witnesses are and how their testimony was not credible. Otherwise, the court cannot determine whether counsel performed deficiently or petitioner suffered prejudice without being informed of those facts. See Strickland, 466 U.S. at 688, 694.

In paragraph 2, petitioner claims that the trial court allowed a witness "to conspire with police, by saying 'He put sun glasses on,' and, 'He was fumbling through the glove box.'" This, petitioner alleges, fraudulently established the intent to commit burglary. The allegation lacks context; the court does not possess the record of the criminal trial, and the court does not know the significance of these statements. Petitioner needs to allege facts that could show how those two quoted sentences created an agreement, or was the product of an agreement, between the witness and the police to prosecute petitioner for burglary. He also needs to allege how these statements established the intent to commit burglary. Furthermore, petitioner needs to plead this claim in a ground separate from the ineffective-assistance claim in paragraph 1.

In paragraph 3, petitioner claims that the prosecutor knowingly used perjured testimony to convict petitioner. Petitioner needs to allege what that testimony was, and how it was perjury. He will also need to plead this claim in a ground separate from the ineffective-assistance claim in paragraph 1.

Ground 3 is a claim that petitioner did not receive due process of law, in violation of

the Fourteenth Amendment. In paragraph 1, petitioner claims that counsel provided ineffective assistance because counsel did not present a defense that petitioner lacked the specific intent necessary to commit burglary due to intoxication. In paragraph 2, petitioner claims that the court deprived him of an instruction regarding intoxication even though petitioner presented evidence that consumption of alcohol affected his mental state. The allegations in these claims do not require amendment. However, petitioner needs to plead the ineffective-assistance claim and the underlying claim in separate grounds, because they are distinct claims with different governing law. See Morrison, 477 U.S. at 373-74 & n.1.

In paragraph 3, petitioner claims that his rights were violated because the jury was not instructed on the lesser-included offense of trespass. It is unclear whether petitioner is claiming that the trial court denied his request for that instruction, or that counsel provided ineffective assistance because counsel did not request that instruction. In the amended petition, petitioner will need to be more specific as to what happened.

Paragraphs 4, 5, and 6 are claims that there were errors in instructions given to the jury. Petitioner does not identify which instructions were erroneous. Furthermore, the court does not possess copies of the instructions. Petitioner will need to copy the texts of the instructions into his amended petition, or attach copies of the instructions to his amended petition, to allow the court to evaluate whether respondents should be ordered to respond to these claims.

In paragraph 7, petitioner claims that the evidence was insufficient to support the verdict that he was guilty beyond a reasonable doubt. Petitioner does not describe what that evidence was. In the amended petition, petitioner will need to allege what the evidence against him was and how it was not sufficient to support the verdict.

In paragraph 8, petitioner claims that the prosecutor committed misconduct by discussing potential punishment with the jury. This claim is acceptable, and petitioner will need to re-allege it in his amended petition.

In ground 4, petitioner alleges that he did not receive equal protection of the law, in violation of the Fourteenth Amendment, because of the racial composition of the jury venire. All of the claims are acceptable. However, paragraph 1 is a claim that counsel provided ineffective

assistance because counsel did not object to the racial composition of the venire.  Petitioner will need to plead this claim in a ground separate from the underlying claims about the racial composition of the venire.

At the end of each ground, petitioner alleges, "District court sentenced petitioner based on incomplete, and materially untrue assumptions and mistakes that worked to the extreme." If petitioner is claiming that the trial court erred at sentencing, then he needs to allege what those errors were, and he needs to plead the claim in a ground separate from the other grounds.  If petitioner is simply concluding each ground with this sentence, then he should omit it from the amended petition.  The court understands that petitioner is claiming that his conviction is unconstitutional, and this sentence will only lead to confusion as to what petitioner's specific claims actually are.

IT IS THEREFORE ORDERED that the clerk of the court shall send petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner shall have thirty (30) days from the date that this order is entered in which to file an amended petition to correct the noted deficiencies.  Failure to comply with this order will result in the dismissal of grounds 1, 2, and part of 3 from this action.

IT IS FURTHER ORDERED that petitioner shall clearly title the amended petition as such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the docket number, 2:10-CV-01695-GMN-(LRL), above the word "AMENDED."

IT IS FURTHER ORDERED, as per prior agreement, that the clerk of court shall add Attorney General Catherine Cortez Masto (listed under Cortez) as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to her office.  Respondents' counsel shall enter a notice of appearance herein within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of the court.

DATED this 10th day of January, 2010.

_____
Gloria M. Navarro
United States District Judge