# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RODNEY LYNN BUTCHEE,

    Petitioner,

vs.

WARDEN SCILIA, et al.,

    Respondents.

Case No. 2:10-CV-01695-GMN-(LRL)

**ORDER**

    Petitioner has submitted an amended petition (#3). The court has reviewed it pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will dismiss one ground and part of another ground, and respondents will need to respond to the remaining parts of the amended petition.

    Ground 2 contains two components. First, petitioner argues that the prosecution committed misconduct by discussing potential punishment with the jury. However, the excerpt of the transcript that petitioner attached to the amended petition (#3) shows otherwise. The prosecutor stated:

> The last instruction I'm going to go over with you is the instruction regarding punishment. I'm sure some of you by now are wondering what kind of punishment he's going to receive for his crime. However, you are instructed by the judge, you're instructed that you may not discuss or even consider the subject of punishment.
>
> The judge and the Court will decide what kind of punishment the Defendant will receive.
>
> MR. FELICIANO: Judge, can we approach, please?
>
> THE COURT: Come forward.

1   MR. FELICIANO:  Thank you.

2   [Discussion off the record.]

3   MS. TRIPPEIDI:  Let me clarify something.  If the Defendant is found guilty, then at that point the judge will make the decision of what type of punishment he will receive.  Back to this instruction.

5   As jurors you are to decide one thing.  And that's whether the Defendant is guilty or not.  So we're going to ask when you go back to the jury room to deliberate your verdict you find the Defendant, Rodney Butchee, guilty of burglary, because we we [sic] have shown you through the evidence and through the facts that he was caught in the act.  And now it's up to you to convict him for committing that acts [sic].

Amended Petition, p. 5-C (#3).  The prosecutor was not discussing potential punishment with the jury; she was reinforcing the instruction that the jury not consider potential punishment as a factor in deliberating whether petitioner was guilty.  Her first statements on the matter implied that the judge would punish petitioner regardless of what the jury decided, but she corrected that problem after the off-record discussion.  On its face, this part of ground 2 is without merit.

The second part of ground 2 is a claim that a jury instruction required the jury to find a presumed fact against petitioner.  Petitioner argues that an instruction tracked the language of Nev. Rev. Stat. § 205.065, which states, with emphasis added:

> Every person who unlawfully breaks and enters or unlawfully enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, vehicle, vehicle trailer, semitrailer or house trailer, airplane, glider, boat or railroad car <u>may reasonably be inferred to have broken and entered or entered it with intent to commit grand or petit larceny, assault or battery on any person or a felony therein, unless the unlawful breaking and entering or unlawful entry is explained by evidence satisfactory to the jury to have been made without criminal intent</u>.

Petitioner attached a copy of the jury instructions.  None of them track the language of § 205.065, and none of them instruct the jury to find a presumed fact.  On its face, this part of ground 2 is without merit.  With no part of ground 2 having potential merit, the court dismisses it.

Ground 3 is a claim of ineffective assistance of counsel.  "[T]he right to counsel is the right to the effective assistance of counsel."  <u>McMann v. Richardson</u>, 397 U.S. 759, 771 & n.14 (1970).  A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced

the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

Ground 3 has three paragraphs, and it is the third that lacks merit. Petitioner alleges: "Counsel provided ineffective assistance where prosecutor committed misconduct by discussing potential punishment with the jury." Amended Petition, p. 7 (#3). The court assumes that petitioner is claiming that counsel should have objected to the prosecutor's argument, quoted above regarding ground 2. As noted above, the prosecutor was not discussing potential punishment with the jury, but reinforcing the instruction that the jury not consider potential punishment. That reinforcement was unobjectionable. Furthermore, the excerpt of the transcript shows that counsel apparently objected to the prosecution's implication that the judge would punish petitioner regardless of what the jury decided, because after the off-record discussion the prosecution clarified her comments. In that respect, counsel performed effectively. This part of ground 3 is without merit on its face, and the court dismisses it.

IT IS THEREFORE ORDERED that ground 2 and paragraph 3 of ground 3 of the amended petition (#3) are **DISMISSED** from this action.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date on which the petition was served to answer or otherwise respond to the petition. If respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

IT IS FURTHER ORDERED that henceforth, petitioner shall serve upon respondents or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the respondents or counsel for the respondents. The

1  court may disregard any paper received by a district judge or magistrate judge that has not been filed
2  with the clerk, and any paper received by a district judge, magistrate judge, or the clerk that fails to
3  include a certificate of service.
4        DATED this 14th day of March, 2011.

                                                    _____
                                                    GLORIA M. NAVARRO
                                                    United States District Judge